Filed 1/28/15  P. v. Dallen Ca3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C076765 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12F2003, 12F5226, 14F53, 14F110) |
| v. | |
| BRADY WAYNE DALLEN, | |
| Defendant and Appellant. | |

Defendant Brady Wayne Dallen pleaded guilty to certain counts contained in four criminal cases and admitted a prior strike for an agreed 14-year state prison lid and the opportunity to file a request that the trial court strike his prior felony.  He was sentenced in May 2014 to 12 years in state prison.

Defendant's ensuing appeal is subject to the principles of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106, 110.  In accordance

1

with the latter, we provide a summary of the offenses and the proceedings in the trial court.

In case No. 12F2003, a felony complaint filed April 2, 2012, charged defendant with evading a peace officer with disregard for public safety (Veh. Code, § 2800.2—count 1), misdemeanor hit-and-run (Veh. Code, § 20002, subd. (a)—counts 2 & 3), misdemeanor resisting, obstructing, or delaying a peace officer in the discharge of his duties (Pen. Code, § 148, subd. (a)(1)—count 4),[1] and misdemeanor falsely reporting a criminal offense (§ 148.5, subd. (a)—count 5), all occurring on or about December 27, 2011. The complaint also alleged that defendant suffered a prior serious felony conviction for first degree burglary in 1995. (§§ 459, 1170.12.)

In case No. 12F5226, a felony complaint filed August 7, 2012, charged defendant with second degree burglary (§ 459—count 1), petty theft with a prior (§ 666—count 2), and misdemeanor vandalism (§ 594, subd. (b)(2)(A)—count 3), all occurring on or about April 13, 2012.

In case No. 14F53, a felony complaint filed January 27, 2014, charged defendant with vehicle theft with a prior (§ 666.5—count 1) occurring on or about October 28, 2013, and also alleged his prior strike.

In case No. 14F110, a felony complaint filed January 27, 2014, charged defendant with felony hit-and-run causing injury (Veh. Code, § 20001, subd. (a)—count 1), misdemeanor vandalism (§ 594, subd. (b)(2)(A)—count 2), and misdemeanor hit-and-run (Veh. Code, § 20002, subd. (a)—count 3), all occurring on or about October 27, 2013. The complaint also alleged that defendant had a prior strike and that he committed the present offense while on bail or his own recognizance release in case Nos. 12F2003 and 12F5226. (§ 12022.1.)

---

[1] Undesignated statutory references are to the Penal Code.

On March 10, 2014, defendant entered into a plea agreement under which he pleaded guilty to counts 1 and 4 in case No. 12F2003, count 2 in case No. 12F5226, count 1 in case No. 14F53, and count 1 in case No. 14F110, and admitted the alleged strike in case No. 12F2003 and the on-bail enhancement in case No. 14F110. All other counts, cases, and allegations were to be dismissed with a *Harvey*[2] waiver. The agreement included a 14-year state prison "lid" and the right to request the dismissal of defendant's strike at sentencing. (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)

The police reports, summarized in the presentence probation report, to which the parties stipulated as providing the factual basis for defendant's plea, stated the following:

In case No. 12F2003, in the early morning hours of December 27, 2011, police officers responding to reports of a " 'heard only' " traffic collision in Anderson, saw a truck (later determined to be driven by defendant) speeding and running stop signs. The truck did not yield to a patrol car flashing its lights. After speeding through the parking lot of an apartment complex and across two lanes of traffic, the truck entered another apartment complex parking lot, where it stopped, then backed up at a high rate of speed as if attempting to ram the patrol vehicle behind it. Defendant stopped again and fled on foot. The officers found three parked vehicles that had been struck by defendant's truck.

In case No. 12F5226, on April 16, 2012, a Redding police officer responded to Kohl's on a call about a past theft. A loss prevention officer stated that four days earlier, a male (later identified as defendant) and a female were observed in the store. Defendant selected items of clothing, including shoes, and left without paying for the shoes. A shirt he had selected was not located, but a pair of jeans he had selected was located in damaged condition. The store's total loss was $172.99.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

In case No. 14F53, on October 28, 2013, an ATV reported stolen was located at a residence in Millville. Defendant and a female had ridden up to the residence and asked for a lift from the homeowner, saying they had crashed and defendant was injured. The homeowner, who saw that the ATV was hotwired, dropped them off, then called the sheriff's office. His wife identified both suspects.

In case No. 14F110, on October 27, 2013, sheriff's deputies learned that defendant, who had two outstanding felony warrants and had evaded law enforcement multiple times, was in the Millville area, driving a Ford Bronco with two female passengers and a large amount of marijuana. The deputies saw the suspect Bronco approach at a high rate of speed, then turn sharply and drive through two barbwire fences until they lost sight of it. It was located hanging over the side of an embankment, unoccupied. A female, found 20 feet down the embankment, identified defendant as the driver. When deputies returned to the scene to tow the Bronco, they found four hypodermic needles inside. The owner of the fences damaged by the Bronco estimated his repair costs at $300.

On May 19, 2014, the trial court denied defendant's *Romero* request. The court then imposed an aggregate state prison term of 12 years, consisting of six years (the three-year middle term, doubled for the strike) for vehicle theft with a prior (case No. 14F53); one year four months consecutive (eight months [one-third the middle term] doubled) for felony evading a peace officer (case No. 12F2003); one year four months consecutive for felony hit-and-run (case No. 14F110); one year four months consecutive for petty theft with a prior (case No. 12F5226); and two years consecutive for the on-bail enhancement (case No. 14F110). The court ran a one-year sentence for misdemeanor resisting a peace officer (case No. 12F2003) concurrent. The court awarded defendant 277 days of presentence custody credit (139 actual days and 138 conduct days).

The trial court imposed the following fines, fees, and assessments:

In case No. 12F2003, a $200 restitution fine (§ 1202.4, subd. (b)), a suspended parole revocation restitution fine in the same amount (§ 1202.45), and a total of $10,652.72 in victim restitution ($6,398.17 to one victim and $4,254.55 to another) (§ 1202.4, subd. (f)).

In case No. 12F5226, a $240 restitution fine (§ 1202.4, subd. (b)) and a suspended parole revocation restitution fine in the same amount (§ 1202.45).

In case No. 14F53, a $300 restitution fine (§ 1202.4, subd. (b)), a suspended parole revocation restitution fine in the same amount (§ 1202.45), and $1,121.94 in victim restitution (§ 1202.4, subd. (f)).

In case No. 14F110, a $300 restitution fine (§ 1202.4, subd. (b)), a suspended parole revocation restitution fine in the same amount (§ 1202.45), and a $350 victim restitution award, with jurisdiction reserved to award restitution to a second victim (§ 1202.4, subd. (f)).

Lastly, a $160 court security fee (§ 1465.8) and a $120 criminal conviction assessment (Gov. Code, § 70373) were ordered.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                              _____BUTZ_____, J.


We concur:


_____NICHOLSON_____, Acting P. J.


_____HOCH_____, J.

6